UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br>DENZEL CAMPBELL,<br>         Defendant. | Case No. 2:17-cr-00180-JAD-PAL<br><br>**ORDER**<br><br>(*Ex Parte* Mot. Subpoena – ECF No. 363) |

   This matter is before the court on Defendant Denzel Campbell's Sealed *Ex Parte* Motion for Subpoena Duces Tecum (ECF No. 363), which was filed pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and LCR 17-1 of the Local Criminal Rules of Practice. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7(g) of the Local Rules of Practice.

   Mr. Campbell's motion requests issuance of a subpoena to Pappas Restaurant, where he was employed during the relevant time period in this case, in order to obtain certain employment records. Having reviewed and considered the matter, the court finds that Campbell has met his burden under *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), of establishing the need for pretrial production of the materials described in the motion. The motion provides information regarding how the documents are necessary to his defense. Producing the records in advance will avoid delaying the trial while counsel reviews the records. Defense counsel acknowledges that any responsive records will be produced directly to the Clerk of the Court, who will notify the counsel for the parties that documents are available for inspection and copying. The court also finds good cause for Campbell's motion to remain *ex parte* and under seal. Mr. Campbell has already been found indigent. The court therefore finds that he is financially unable to pay process costs or witness fees for a subpoena. In addition, the court has already found that defendant is

financially unable to pay the witness fees. Accordingly, the court will grant the motion and issue the subpoena *duces tecum* to Pappas Restaurant.

Rule 17 states that a "marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness …." Fed. R. Crim. P. 17(d).[1] Pursuant to Rule 17(d), a subpoena must be personally served on a witness. *Ferrari v. United States*, 244 F.2d 132, 141 (9th Cir. 1957); 2 *Fed. Practice. & Procedure Crim.* § 277 (4th ed.). Rule 17(d) does not authorize service of subpoenas by fax. *United States v. Venecia*, 172 F.R.D. 438, 439 (D. Or. 1997); *see also Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (holding that the district court properly quashed a subpoena duces tecum because service via facsimile and regular mail did not comply with the personal service requirement of Fed. R. Civ. P. 45(b)(1)); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 362 (D.D.C. 2011) (quashing subpoena faxed and emailed to third-party because Fed. R. Civ. P. 45(b)(1) "requires personal service of subpoenas").

Here, defense counsel notes that Pappas Restaurant is willing to accept service of the subpoena via facsimile. To expedite the process and receive the information in a timely fashion, counsel requests an order instructing the Clerk of the Court to provide the subpoena directly to defense counsel so it can be faxed to the restaurant. This request presents two problems. First, service via facsimile alone is not sufficient to comply with the personal service required by Rule 17(d). Second, defense counsel is a party for the purposes of service and may not serve the subpoena under the plain language of Rule 17(d). The personal service and non-party server requirements ensure that the subpoena is placed in the actual possession of the person or entity to be served. *See Anderson*, 220 F.3d at 903. To help expedite production, the court will instruct the U.S. Marshal to fax a copy of the subpoena upon receipt and complete service pursuant to its standard procedures for personal service.

Accordingly,

/ / /

---

[1] The Advisory Committee Notes to Rule 17 indicate that Subdivision (d) regarding service is substantially the same as the civil provision. *See* Fed. R. Civ. P. 45(b)(1).

2

**IT IS ORDERED:**

1. Defendant Denzel Campbell's Sealed *Ex Parte* Motion for Subpoena Duces Tecum (ECF No. 363) is **GRANTED**, and shall remain *ex parte* and under seal.
2. The Clerk of the Court shall issue the proposed subpoena to Pappas Restaurant and deliver a copy of this Order and the subpoena to the U.S. Marshal for *expedited service*.
3. The U.S. Marshal shall serve the subpoena and a copy of this Order to Pappas Restaurant via: (i) facsimile at (713) 863-0523 upon receipt; and (ii) standard procedures for personal service.
4. The custodians of records shall produce and forward records responsive to the subpoena on or before **July 3, 2018, at 4:00 p.m.** along with a copy of this Order, to:

   > Clerk of Court
   > United States District Court for the District of Nevada
   > 333 Las Vegas Blvd., South
   > Las Vegas, Nevada 89101

5. Upon receipt of the records, the Clerk of Court shall notify counsel for the parties that the documents are available for inspection and copying.
6. The cost of process, fees, and expenses for the subpoena shall be paid as if subpoenaed on behalf of the government, the court being satisfied that Mr. Campbell is financially unable to pay the fees and expenses.

Dated this 13th day of June, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE